IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

Randy W. Nichols
117491 PRO SE
PlANTiFF(S)

VS.

Alabama Dept. of
Corrections, Easterling
Correctional Facility
et. al.

RECEIVED
2007 APR -5 A 9:22

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

2:07-CV-287-MEF

---

Comes now the PlANTiFF Randy W. Nichols 117491 a state prisoner who is before this honorable court pursuant to 42 USC-E-1746 under the penalty of perjury affirms states the following

I am Randy W Nichols I am over 21 years old capable and able to make this statement

Re Disciplinary Hearing
November 13, 2006 Captain Jeffery Knox & CO.1 Linda Glenn

On the evening of November 13, 2006 I (Randy W. Nichols) was taken to the segeration office for the purpose of a disciplinary hearing charges of attempt to escape by force

Present at this hearing were hearing officer CO1. Linda Glenn Captain Jeffery Knox And Randy W. Nichols:

On November 13, 2006 I (Randy W. Nichols) was called into the Segeration Office at Easterling Correctional Facility in Clio, Alabama where I (Randy W. Nichols) was informed by Hearing Officer COI. Linda Glenn that I (Randy W. Nichols) was there for a Disciplinary of Rule #46 of Regulation #AR403 specifically Attempt to Escape by Force. Present at this hearing were Hearing Officer COI. Linda Glenn, Arresting Officer Captain Jeffery Knox, And the Accused Randy W. Nichols.

We (Everyone Present) were all made to raise our right hands and swear to tell the truth.

There are some Thirteen (13) to Fifteen (15) Inmates involved in this Alleged to Attempt to Escape by Force. I (Randy W. Nichols) did ask for all Inmates involved to be called as witnesses on my behalf. I (Randy W. Nichols) also requested David Pitts, David Clark, and Donald Johnson as witnesses (see Line Eight (8) and Nine (9) of Disciplinary Report Attached).

David Clark said He (David Clark) was in the same dorm with me (Randy W. Nichols) and He (David Clark) never heard me (Randy W. Nichols) talk about escapeing.

David Pitts said that He (David Pitts) had no idea as to why He (David Pitts) was there and that He (David Pitts) never heard me (Randy W. Nichols) talk about escapeing.

Donald Johnson refused to testify.

None of the other inmates alleged to be involved in the alleged to Attempt to Escape by Force were allowed to testify for me on my behalf (see Line (18) on Disciplinary Report Attached).

I (Randy W. Nichols) next gave my statement to Hearing Officer CO1 Linda Glenn. I (Randy W. Nichols) have no knowledge of an alleged attempt to escape by force by me (Randy W. Nichols) or anyone else from Easterling Correctional Facility on October 23, 2006 at 1:00 P.M. from Mr. Travis White's office and at 1:00 P.M. on October 23, 2006 I (Randy W. Nichols) was on my bunk in Dorm 7B. Several inmates would have verified this as well as the floor officer of Dorm 7B. (an Easterling Dept. of Corrections Officer) Request Denied by Hearing Officer CO1. Linda Glenn (See Line 18 Disciplinary Report Attached):

I (Randy W. Nichols) next explained to Hearing Officer COI Linda Glenn That my (Randy W. Nichols) Disciplinary should be thrown out for Lack of Due Process According To AR403 (Regulations used by The Alabama Department of Corrections for all Disciplinary Infractions and Hearings) Sever Infractions which had been committed by Easterling Correctional Facility and Captain Jeffery Knox (see Regulation AR 403 III A)

According To AR 403 III A  I (Randy W. Nichols) should have been charged within Ten (10) Calender Days (not working days) unless an Extension is given The Ten (10) Calendar Days From Extension In Segeration Status (Enclosed) The Accused must be Charged

· I (Randy W. Nichols) was Arrested on 10/23/06 I (Randy W. Nichols) was given An Extension on 10/26/06  I (Randy W. Nichols) was not charged until 11/08/06 November 8, 2006 (see Disciplinary Report Attached)

Ten (10) Calendar Days From 10/26/06 would have been 11/05/06 making that The Day That I (Randy W. Nichols) should have been either 1. been given Another Extension In Segeration 2. Charged or 3. Released From Segeration Custody  I (Randy W. Nichols) Did Point This out to Hearing Officer COI Linda Glenn  I (Randy W. Nichols) was Ignored And given No Reply by Hearing Officer COI Linda Glenn

Hearing Officer CO1 Linda Glenn next asked Captian Jeffery Knox to make a statement

Captain Knox stated that some reliable sources came to him and said that several inmates (Inmate Nichols included) were involved to take a nurse hotage and leave out the front gate. The sources also stated that Inmate Nichols was the head ring leader and that he (Inmate Nichols) did threaten them if they did not cooperate in the attempt to escape by force and futher stated that he (Randy W. Nichols) would kill the nurse if necessary. Captain Knox then stated that he (Captain Jeffery Knox) had listened to phone conversations (recorded) and read letters of Inmate Nichols as evidence. (See Disciplinary Report lines Three (3) and Four (4).)

At this time I (Randy W. Nichols) did ask Hearing Officer CO1 Linda Glenn to play the phone recordings and to produce the letters I Randy W. Nichols also explained to Hearing Officer CO1 Linda Glenn to please get a copy of the phone list from Easterling Correctional Facility as I (Randy W. Nichols) have no one in which to call and in fact have written no letters had a visit or called anyone

My request was denied by Hearing Officer CO1 Linda Glenn

CAPTAIN JEFFERY KNOX Then STATED That he (CAPTAIN JEFFERY KNOX) had CONducted A Through INVESTIGATION AND That he (CAPTAIN JEFFERY KNOX) Found That INMATE NICHOLS Did CONSPIRE To TAKE A HOSTAGE by FORCE with SEVERAL OTHER INMATES ON OR About OCTOBER 23, 2006 AT Time 1:00 P.M FROM MR. TRAVIS WHITES OFFICE.

I (RANDY W. NICHOLS Then ASKED CAPTAIN JEFFERY KNOX AND HEARING OFFICER CO.1 LINDA GLENN HOW COULD I (RANDY W. NICHOLS be IN TRAVIS WHITES OFFICE AT 1:00 P.M ON OCTOBER 23, 2006 When I RANDY W. NICHOLS WAS CLEARLY IN FRONT OF OTHER INMATES AND CORRECTION OFFICERS OF EASTERLING CORRECTIONAL FACILITY IN DORM 7B. AT 1:00 P.M ON OCTOBER 23, 2006 IT is NOT Possible To be IN TWO (2) PLACES AT once.

CAPTAIN KNOX SAID This is The Time INVESTIGATION WAS being INVESTIGATED

Yet LINES 3 AND FOR SAY by CAPTAIN JEFFERY KNOX I Did CONSPIRE AT 1:00 P.M ON OCTOBER 23, 2006 FROM TRAVIS WHITES OFFICE

CAPTIN JEFFERY KNOX AND HEARING OFFICER CO.I LINDA GLENN CONTRIDICT Their OWN STATEMENTS ON LINES 19 AND 20 OF The Disciplinary Report!

At this time hearing officer Col Linda Glenn said this hearing is over I find you guilty by reason of Captain Knox statements According to the AR 403 Hearing officer Col Linda Glenn should have sent both Captain Knox and myself out of the room and went over all physical evidence (see AR403) Hearing officer sentenced me (Randy W. Nichols) to Forty Five (45) Days Dog House Time And Forty Five (45) Days loss of Privilages

In addition a copy of the Disciplinar of Attempt to Escape by Force was sent to both The Alabama Department of Pardons and Paroles and The Alabama Department of Corrections This action can result in me (Randy W. Nichols) Being denied Parole Adding years that I (Randy W. Nichols) may have to spend unjustly in Prison Due to the Findings of this Disciplinary Hearing

According to Hebeas Corpus 342 Pursuant to 28 U.S.C.A. 2254
The Hebeas Corpus Statute Provides The Exclusive Federal Remedy For A Person Who, being In State Custody Pursuant To The State Judgement Of A State Court Wishes To Challenge A Sanction That Affects The length Of his custody (See Harris v. Cotton Couch v. Norris (8th Cir 2001) Walker v. OBrien Greene v. Tenessee Dept. of Corrections The Sanction Need Not be The one Imposed by the State That Placed him In Custody but Can be A Administrative Sanction Placed on him later For misbehavior while In Custody Pursuant to The States Court Judgement (See E.G. Montgomery v. Anderson (7th Cir 2001) Walker v. OBrien Greene v. Tenessee Dept. Of Corrections):

Line 20 on Disciplinary Report (attached) Basis for Finding States: Captain Knox stated under oath that he conducted an investigation which reveled that Inmate Nichols planned to escape by force. Some Inmates, some confidential sources, and some not told Captain Knox that Inmate Nichols was planning to escape by taking a nurse hostage leaving out the front gate killing the nurse if necessary also that he (Captain Knox) listened to phone calls of Inmate Nichols and read Inmate Nichols letters

According to AR 403 II A #3
Arrest and Hearing based on confidential sources states: If the arrest was based on confidential sources the following procedures should be followed

II 3A No decision in a disciplinary procedure may be based upon information unless there is corrobating information or evidence unless the reliability of the sources satisfies the hearing officer that the information is true. The basis for excepting this source as true should be listed or indicated in Item Eighteen (18) of Form 225B (see Line (20) Disciplinary Report attached)

These are all statements with no physical support of Captain Jeffery Knox According to AR 403 II 3A statements should have been given in writing from the confidential sources. Captain Knox said he had confidential sources none were supplied also no corrobating such as recorded phone conversations or letters were given into evidence belonging to or of Inmate Randy W. Nichols

Randy W. Nichols should have been found not guilty for lack of evidence by Hearing Officer COI Linda Glenn.

In so finding me (Randy W. Nichols) guilty and even before finding me Randy W. Nichols guilty I (Randy W. Nichols) was then from 10/23/06 until present time denied proper medical care and attention I (Randy W. Nicholes) have suffered ceasures and I (Randy W. Nichols) am left in a one man cell by myself with no means of contacting any medical staff or Easterling Correctional Facility correction officers I (Randy W. Nichols) am handed all my medications through a door at pill call and left alone unchecked on for hours at a time. This is a clear violation of my (Randy W. Nichols) Eighth Amendment right to fair medical treatment The medical staff here at Easterling Correctional Facility were told of the alleged to take a nurse hostage and kill her if necessary resulting in nurses and medical staff not wanting to treat me (Randy W. Nichols) out of fear This is crewel and unusual punishment!

I (Randy W. Nichols) have been denied several or the Rules and Regulations of AR 403 instead of being charged with Rule #46 Attempt to Escape by Force I (Randy W. Nichols) According to Rule #32 of Regulation #403 as Captain Knox states in Line #(4) And to Take a Hostage (see Disciplinary Report attached) This is a seperate charge and should not have been included in this statement just as And to Kill if Necessary as this is also a seperate charge but according to AR 403 III D. Preparation of Charges All charges are to be filed on seperate 225B (same as 403 Annex C) And to Take a hostage And to Kill if Necessary refers to seperate charges and should not be written on this Disciplinary (see AR 403 III D.) This Disciplinary Report in its' written form is Improper Captain Knox should have charged Rule #32 on a seperate 403 Annex C form Also to Kill if Necessary should also be on a third form (see Disciplinary Report Lines (3) and (4) attached).

Hearing Officer CO1 Linda Glenn According to AR 403 3A should have disqualified herself as Personel who have formed an opinion of the innocence or guilt of the charged inmate arresting officer or wardens may not serve as hearing officer Hearing Officer Linda Glenns supervisor is Captain Jeffery Knox on Line 20 Basis for Finding of Fact Hearing officer Linda Glenn clearly shows Bias in Favor Captain Jeffery Knox by her (Hearing officer CO1 Linda Glenns statement (because Captain Knox swore under oath I find you guilty) No Physical Evidence to support his statement but just because Captain Knox swore under oath; (see Disciplinary Report Line (20) Attached); The Importance of Captain Jeffer Knox as Hearing Officer CO.1 Linda Glenns Supervisor was Prejudice to me (Randy W. Nichols, I Recieved an Unfair hearing".

IN CONCLUSION I (RANDY W. Nichols) PRAY That This HONORAble COURT That Due To The Long Term effects OF This Disciplinary Rule #46 OF Regulation #403 will have on me (RANdy W. Nichols) FOR consideration OF PARole by The Alabama Department OF PARdons And PARole Adding An possible Unjust Number of years I (Randy W. Nichols) may have To serve And FOR consideration OF Any And All FAVORS considered FOR me In my FAVOR by The Alabama Department OF CORRECTIONS And According To Heabeas Corpus 342 pursuent to U.S.C.A. §2254 Do Ask pray And petition This Honorable Court To

1. Remove Disciplinary OF Regulation #AR403 Rule #46 FROM The File OF Randy W. Nichols 117491 AT EASTERLing Correctional Facility As well As Personal File of Randy W. Nichols Alabama Department OF Corrections And The Files of The Alabama Department of PARdons And PARole.

2. GRANT A Judgement OF Punitive Damages To Randy W. Nichols 117491 FOR violations

   1. FIRST Amendment Right OF Freedom of Religeon To Worship God IN A Religeious service Denied Church service
   2. Eighth Amendment Right OF Proper medical care which constitutes cruel And Unusual punishment
   3. mental Anguish Locked In one man cell And Letters To PARdons And PARole As well As The Department of Corrections
   4. Total Disreguard FOR The AR403 And Costitution of The Amendments Of The United STATES of America by Hearing Officer COI Linda Glenn And CAptain Jeffery Knox In The Amount OF Five Hundred Thousand Dollars A $500,000,000,000

5. To Transfer Randy W. Nichols To Hamilton ANI For Proper medical care

Respectfully Submitted
This _____ day of _____ 2007
Signed Randy Nichols 117491
        Randy W. Nichols  117491



Nancy Nichols
3700 Hwy 21 - L-44
Atmore, Al.
36502

Mrs. Debra Hackett
Clerk of the Court
United STATes District Court
P.O. Box 711
Montgomery, Al. 36101-0711